**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Mary L. Agnes Shelton, Respondent,

v.

Jack Shelton and Sharon Shelton, Appellants.

Appellate Case No. 2020-001019

———————

Appeal From Richland County
L. Casey Manning, Circuit Court Judge

———————

Unpublished Opinion No. 2022-UP-247
Submitted April 1, 2022 – Filed June 8, 2022

———————

**AFFIRMED**

———————

Herbert E. Buhl, III, of Columbia, for Appellants.

William James LaLima, of LaLima Law Firm, LLC, of West Columbia; and Joseph Andrew Catalano, of McKay Law Firm, of Columbia, both for Respondent.

———————

**PER CURIAM:** Jack and Sharon Shelton (collectively, the Sheltons) appeal the circuit court's order granting summary judgment to Mary Shelton (Mary). On appeal, the Sheltons argue the circuit court erred by (1) determining there were no issues of material fact regarding their defense and counterclaim of adverse possession and (2) violating the Coronavirus Aid Relief and Economic Security

Act (the CARES Act) and an order of our supreme court requiring a certification of compliance with the CARES Act before proceeding on an eviction or foreclosure. We affirm.

As to issue one, we find the circuit court did not err by finding the Sheltons failed to establish a claim for adverse possession because they held themselves out as tenants. *See Lanham v. Blue Cross & Blue Shield of S.C., Inc.*, 349 S.C. 356, 361, 563 S.E.2d 331, 333 (2002) ("An appellate court reviews a grant of summary judgment under the same standard applied by the [circuit] court pursuant to Rule 56, SCRCP."); *Osborne v. Adams*, 346 S.C. 4, 7, 550 S.E.2d 319, 321 (2001) ("On appeal from an order granting summary judgment, the appellate court will review all ambiguities, conclusions, and inferences arising in and from the evidence in a light most favorable to the non-moving party below."); Rule 56(e), SCRCP ("When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."); *Regions Bank v. Schmauch*, 354 S.C. 648, 660, 582 S.E.2d 432, 438 (Ct. App. 2003) ("Once the party moving for summary judgment meets the initial burden of showing an absence of evidentiary support for the opponent's case, the opponent cannot simply rest on mere allegations or denials contained in the pleadings."); *id.* ("[T]he nonmoving party must come forward with specific facts showing there is a genuine issue for trial."); *Taylor v. Heirs of William Taylor*, 419 S.C. 639, 650, 799 S.E.2d 919, 924 (Ct. App. 2017) ("The party asserting adverse possession must show continuous, hostile, open, actual, notorious, and exclusive possession for a certain period of time." (quoting *Jones v. Leagan*, 384 S.C. 1, 10, 681 S.E.2d 6, 11 (Ct. App. 2009)); *id.* at 651, 799 S.E.2d at 925 ("For possession to be open and notorious, 'the legal owner need not have actual knowledge the claimant is claiming property adversely, [but] the hostile possession should be so notorious that the legal owner by ordinary diligence should have known of it.'" (quoting *Jones*, 384 S.C. at 13-14, 681 S.E.2d at 13)).

As to issue two, we find this issue was not preserved for appellate review because it was not raised to and ruled on by the circuit court. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review.").

**AFFIRMED.**[1]

**THOMAS, MCDONALD, and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.